IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Cr. No. 06-64 Erie |
| | ) | |
| STEVEN RAYMOND ARNOLD | ) | |

## MEMORANDUM ORDER

On March 28, 2012, a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) was filed on behalf of Steven Raymond Arnold by his appointed defense counsel. ECF Nos. 33. Mr. Arnold's counsel was specifically appointed to address the crack cocaine retroactivity as it applies to Mr. Arnold. We granted this motion and reduced his previously imposed sentence of 121 months to 120 months. ECF No. 34.

As set forth in the motion and in our Order granting the motion, through retroactive application of the 2010 Crack Amendment Mr. Arnold's amended guideline range is imprisonment of 84 to 105 months. However, because Mr. Arnold faces a statutory mandatory minimum term of imprisonment of 120 months, his amended guideline range ended up being 120 months' imprisonment.

On April 2, 2012, Mr. Arnold filed an application to proceed *in forma pauperis* in order to file a *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) with a supporting brief. *See* ECF Nos. 35 & 36. A petitioner filing a motion for reduction of sentence need not seek *in forma pauperis* status before filing such a motion. Therefore we will deny his application to proceed *in forma pauperis* as moot, and treat his Memorandum of Law in Support

of and Under 18 U.S.C. § 3582(c)(2), for Modification and Reduction of Sentence Pursuant to the New Amendments for the Sentencing Guidelines (ECF No. 36) as a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). We will direct the Clerk of Courts to refile ECF No. 36 as a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2).

Mr. Arnold's *pro se* motion for reduction of sentence was apparently filed prior to Mr. Arnold learning that the Court had already granted the motion filed by his appointed counsel. In Mr. Arnold's motion he appears to request that we further reduce his sentence to time served.

We are without jurisdiction to impose a sentence that is below "the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). This jurisdictional limitation on the court's power to reduce a sentence is derived from statute, 18 U.S.C. § 3582(c)(2).

Furthermore, as noted, Mr. Arnold must be sentenced to the statutory mandatory minimum term of imprisonment in any case. Accordingly, we will deny Mr. Arnold's *pro se* motion to the extent it seeks a sentence below the new amended guideline range of 120 months. We will also deny as moot his motion to the extent it requests a reduction of sentence within the new amended guideline, as we have already granted Mr. Arnold's first-filed motion in this regard.

AND NOW, to-wit, this 4th day of April, 2012, it is hereby ORDERED, ADJUDGED and DECREED as follows.

1. The Clerk of Courts is hereby directed to refile ECF No. 36 as a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2).

2

2. Defendant's *pro se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) be and hereby is DENIED to the extent it seeks a sentence below the new amended guideline range of 120 months. The motion is DENIED as moot in all other respects.

3. Defendant's Application To Proceed *In Forma Pauperis* is DENIED as moot.


Maurice B. Cohill, Jr.
Senior United States District Judge


cc: Counsel of record

Steven Raymond Arnold, pro se
Reg. No. 36777-060
CI D. Ray James Correctional Institution
P.O. BOX 2000
Folkston, GA 31537

Probation